**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| KEITH MUSTIN, *pro se*, | ) CASE NO. 3:20-cv-00755 |
| Plaintiff, | ) JUDGE JAMES G. CARR |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| MATTHEW GUILLER, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

**I. Procedural History**

On April 6, 2020, Plaintiff Keith Mustin, a *pro se* prisoner, filed a complaint against a host of individual defendants as well as against the Ohio Department of Rehabilitation and Corrections ("ODRC") and the Aramark Corporation ("Aramark"). (R. 1). Plaintiff purports to bring this action under 42 U.S.C. § 1983 and alleges an Eighth Amendment violation stemming from the allegedly unsanitary conditions in the prison cafeteria. *Id*.

On September 3, 2020, the Court dismissed the complaint as it relates to Defendants ODRC and Aramark, as well as Defendants Kasey Plank and Kellie Riehle. (R. 7). On September 16, 2020, Plaintiff filed an Amended Complaint. (R. 16). On December 28, 2020, Plaintiff filed a "motion for a right to a jury; demanded, motion to vacate a referral to a Magistrate Judge, and motion for appointment of counsel." (R. 19). On January 5, 2021, the Court denied Plaintiff's

motion to vacate the referral of the Magistrate Judge finding that it is a matter within the Court's discretion. In the same order, the Court denied Plaintiff's motion for an appointment of counsel, observing there is no authority to appoint counsel in civil cases.[1] *Id*. Thereafter, Plaintiff's motion for trial by a jury was referred to the undersigned Magistrate Judge.

## II. Analysis and Conclusion

Although the original complaint does not appear to have contained a jury demand, the caption of Plaintiff's Amended Complaint contains the following language: "Jury Trial Demanded." (R. 16). "On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." Fed R. Civ. P. 38. Pursuant to Fed. R. Civ. P. 39(a), "[w]hen a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless: (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."

Plaintiff's Amended Complaint adequately requested a jury trial, rendering his separate motion for trial by jury moot. In addition, to the extent Plaintiff is asking the court to determine at this stage of the proceedings which claims are "triable of right by a jury," such a request is premature. Two sets of Defendants have filed separate motions to dismiss. (R. 43 & 50). Some, none, or all of Plaintiff's Amended Complaint may be dismissed. Deciding which causes of action are subject to a trial by jury, at this stage, is not an economical use of judicial resources.

---

[1] The Court had already denied a previous motion for appointment of counsel (R. 8) on September 25, 2020.

Consequently, Plaintiff's motion for trial by jury (R. 19) is DENIED as moot and premature.

IT IS SO ORDERED.

s/ *David A. Ruiz*<br>United States Magistrate Judge

Date: September 1, 2021