IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Keith Mustin,                                          Case No. 3:20-CV-00755-JGC

        Plaintiff

      v.                                                 **ORDER**

Matthew Guiller, *et al.*,

        Defendants.

      This is an *informa pauperis* and *pro se* prisoner civil rights action arising under 42 U.S.C. § 1983. Plaintiff, Keith Mustin, brings this lawsuit against several Marion Correctional Institution (MCI) and Aramark employees related to the food service at MCI.

      Plaintiff primarily argues that defendants violated his Eighth Amendment rights by failing to prevent unsanitary conditions in the dining hall, failing to provide adequate training to inmates working in the prison kitchen, and failing to provide a safe work area in the prison kitchen. He also asserts causes of action sounding in tort, criminal law, and for violation of state rules and policies.

      Pending are the following motions: plaintiff's motion for partial summary judgment (Doc. 31), the Aramark defendants' motion to dismiss (Doc. 43), the MCI defendants' motion to dismiss (Doc. 50), and the Aramark defendants' motion to dismiss, or in the alternative, strike plaintiff's second response (Doc. 66).

      For the reasons described below, I deny plaintiff's motion for partial summary judgment (Doc. 31), grant the Aramark and MCI defendants' motions to dismiss (Docs. 43, 50), and deny the Aramark defendants' motion to dismiss or strike plaintiff's second response. (Doc. 66).

**Background**

Plaintiff Keith Mustin is an inmate at MCI. He is suing seven Aramark employees – Food Service Director Matthew Guiller, Food Service Manager Ryan James, Secretary Melody Bianchi, and Food Service Coordinators Heather Pack, Melissa Atkins, Janet Broughton, and Katrina Rostorfer. He has also sued two MCI employees – Health and Safety Officer Steve Harford and Food Service Supervisor Michelle Turner.

Plaintiff alleges that defendants failed to prevent unsanitary conditions in the food service areas of the prison. (Doc. 1, pgID 5). He claims that there were birds flying around the dining hall, the cups and utensils were not clean, there were rodents in the storage area, the floors were sticky, cooking surfaces were not clean, and the food was half cooked. (*Id.*, pgID 8-9).

Plaintiff also claims that the prison staff did not adequately train the inmates who worked in food services, including himself. (*Id.*). This lack of proper training created a "hazardous environment" in the kitchen where inmates did not properly cook the food or clean the kitchen. (*Id.*, pgID 9-10).

**Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

When considering a Rule 12(b)(6) motion, I must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). A plaintiff, however, must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, *supra*, 550 U.S. at 555.

Because plaintiff is proceeding *pro se*, he is entitled to liberal construction of his pleadings and is held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

**Discussion**

The Aramark defendants and MCI defendants bring separate motions to dismiss plaintiff's complaint.[1] They first argue that plaintiff did not properly serve his complaint and I should dismiss it on that basis. Defendants also argue that even taking plaintiff's allegations as true, he cannot make out a claim under the Eighth Amendment. They further assert that plaintiff's non-constitutional claims for tortious conduct, misdemeanor dereliction of duty, and failure to follow policies fail as a matter of law.

The Aramark defendants separately argue that they are not state actors within the meaning of Section 1983 and therefore cannot be held liable as such.

**1. Service of Process**

---

[1] The Aramark defendants also bring a motion to strike plaintiff's second response to their motion to dismiss. (Doc. 66). They argue that this filing is duplicative, as plaintiff already filed a response to their motion a month prior. Given the leniency afforded to *pro se* litigants, I will consider both of plaintiff's submissions and deny defendants' motion to strike. *See Haines*, *supra*, 404 U.S. at 520.

Defendants argue that plaintiff did not properly serve his complaint for several reasons. First, it took him over seven months to serve the complaint after he initially filed it. Second, he served the complaint to the prison's address instead of the defendants' individual addresses. And last, he served only a copy of the amended and supplemental complaint, not the original complaint.

### A. Timing of Service

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve the complaint within 90 days. Fed. R. Civ. P. 4(m). Defendants are correct that plaintiff did not serve his complaint until about seven months after he filed this lawsuit. That is certainly longer than 90 days.

However, defendants fail to acknowledge that I granted plaintiff several extensions of the deadline for service. Plaintiff filed his original complaint on April 6, 2020. (Doc. 1). On September 3, 2020, I granted plaintiff's request to file an amended and supplemental complaint and provided him an additional 30 days to serve his complaint. (Doc. 7). And on October 9, 2020, I gave him a final extension, ordering him to serve the complaint by November 30, 2020. (Doc. 13).

Plaintiff did, in fact, serve the complaint by that final deadline. The U.S. Marshals Service reported that it executed service on all defendants on November 24, 2020, six days before the deadline. (Doc. 18).

Therefore, I reject the defendants' argument that I should dismiss the case because plaintiff did not serve the complaint within 90 days. I granted plaintiff an extension, and he complied with that extension.

### B. Address for Service

4

Defendants also argue that I should dismiss plaintiff's complaint because he served it at the prison, and such service does not satisfy the requirements of Rule 4. Defendants seem to be arguing that plaintiff should have served the complaint on them individually, at their personal addresses. However, they do not specify which address plaintiff should have used instead of the prison address.

Courts have routinely acknowledged the security concerns inherent in providing inmates with the personal addresses of prison employees for service of complaints. *See*, *e.g.*, *Baldwin v. Croft*, No. 3:12 CV 1867, 2013 WL 172870, at *1 (N.D. Ohio) (Zouhary, J.) (finding that the plaintiff satisfied his obligations relating to service by providing the Marshals with the address of the prison); *VanDiver v. Martin*, 304 F. Supp. 2d 934, 939 (E.D. Mich. 2004) ("[P]rison guards typically do not want prisoners to have their home addresses and it is often very difficult, if not impossible, for prisoners to learn the addresses of such employees.").

Plaintiff contends that he is not permitted to obtain defendants' personal addresses, and I have no reason to doubt that statement. (Doc. 63, pgID 598).

Furthermore, defendants do not provide any case law or other authority stating that an inmate may not serve prison employees at the prison address.

Considering the above, I do not agree that service in this case was ineffective because plaintiff used the address of the prison.

### C. Service of Amended and Supplemental Complaint

Defendants' final argument relates to service of the amended and supplemental complaint. According to the MCI defendants, plaintiff did not serve them with the original complaint and only served the amended and supplemental complaint. They argue that this violated my November 15, 2020 order, in which I directed plaintiff to serve the original

5

complaint with any supplements. Defendants argue that this violation of my order warrants dismissal of plaintiff's case.

While the MCI defendants represent that they only received the amended and supplemental complaint, neither they nor plaintiff provide any proof of the documents that he actually served. And upon examination of the docket, I cannot find any there either.

Even assuming that plaintiff only served the amended and supplemental complaint, I do not find this to be a fatal error. As I explained above, *pro se* litigants are entitled to some degree of leniency. *See Haines*, *supra*, 404 U.S. at 520.

Additionally, "[a]lthough procedural rules are not to be taken lightly," courts in the Sixth Circuit "favor determining cases on their merits." *Ferritto v. Cuyahoga Cty.*, No. 1:16CV475, 2018 WL 1757410, at *3 (N.D. Ohio) (Boyko, J.); *see also Brown v. Voorhies*, No. 1:07-CV-463, 2009 WL 2730522, at *4 (S.D. Ohio) (declining to dismiss a *pro se* case in which the plaintiff served the amended complaint but not the original complaint, noting that "Defendants can simply access the original complaint through the CM/ECF system to complete the pleadings.").

Therefore, I decline to dismiss plaintiff's complaint for failure to serve defendants with a copy of the original complaint.

### 2. Operative Complaint

Relatedly, the MCI defendants argue that the amended and supplemental complaint, not the original complaint, is the operative pleading in this case. This is because as a general matter, amended complaints supersede original complaints.

Plaintiff has titled his supplemental filing "Amended and Supplement Complaint." (Doc. 16). It is styled as a list of additional allegations, many of which relate to events that occurred

6

after he filed his original complaint. It does not appear to be a fulsome complaint, but rather, a compilation of additional information that plaintiff seeks to add to his original complaint.

I therefore find that it is more appropriate to consider plaintiff's "Amended and Supplement Complaint" to be a supplemental pleading rather than an amended complaint.

The title of the document is ambiguous – plaintiff uses the terms amended and supplement to describe it. But the formatting suggests that plaintiff intended the allegations to supplement, and not to replace, the allegations in the original complaint. He includes references to page numbers where he apparently intends the allegations be added. Further, he adds a series of allegations that relate to events occurring after he filed the original complaint. Federal Rule of Civil Procedure 15(d) explains that supplemental pleadings are meant to "set[] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). This is essentially what plaintiff has done.

Considering the ambiguity of the title, the content of the allegations, and the less stringent standard for *pro se* pleadings, I find that plaintiff intended his "Amended and Supplement Complaint" to be a supplemental pleading, not an amended complaint. Therefore, I will consider it in addition to his original complaint. I agree with the court in *Trevino v. Kelly*, 245 F. Supp. 3d 935, 943 (E.D. Mich. 2017), which when considering a similar situation, stated that "penalizing the plaintiff for his inaccurate nomenclature would be imprudent."

### 3. Aramark Employees as State Actors

The Aramark defendants argue that they are not state actors because they work for a private company, and they are not state or local government officials. Therefore, according to Aramark defendants, they cannot be liable under Section 1983, and I must dismiss the claims against them. I disagree.

The Sixth Circuit has stated, "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting under color of state law." *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993). While the Sixth Circuit has not spoken directly on this issue in the context of food services, district courts in the Circuit have routinely assumed that food service entities and their employees are state actors. *E.g.*, *Gilmore v. Trinity Servs. Grp., Inc.*, No. 4:20CV136, 2020 WL 2043454, at *2 (N.D. Ohio) (Pearson, J.); *Dotson v. Shelby Cty.*, No. 13-2766-JDT-TMP, 2014 WL 3530820, at *13 (W.D. Tenn.) (collecting cases).

I agree with the conclusion they have reached. If MCI did not contract with Aramark or any other outside entity for food services, the prison would have been responsible for providing inmates with food. This is a traditional state function much like the provision of medical care, which the Sixth Circuit has already recognized as allowing for liability under Section 1983.

Therefore, I decline to dismiss the claims against the Aramark defendants on this basis.

### 4. Eighth Amendment Claim

At the core of plaintiff's complaint is his claim that defendants violated his Eighth Amendment rights by failing to prevent unsanitary conditions in the dining hall, failing to provide adequate training to inmates working in the prison kitchen, and failing to provide a safe work area in the prison kitchen.

The Eighth Amendment prohibits cruel and unusual punishment. To succeed on an Eighth Amendment claim, plaintiff must satisfy an objective and subjective component.

The objective component requires that the deprivation be "sufficiently serious." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010). Prison officials are forbidden from the "unnecessary and wanton infliction of pain" and deprivation of the "minimal civilized measure of life's

necessities" such as food, medical care, and sanitation. *Rhodes v. Chapman*, 452 U.S. 337, 346-48 (1981). The Sixth Circuit has made clear, however, that "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

The subjective component of an Eighth Amendment claim requires that prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference requires more than mere negligence but need not rise to the level of a purposeful act. *Id.* at 835-36. Plaintiff must show that the officials "(1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010).

Here, accepting all of plaintiff's allegations as true, he has failed to state a claim for violation of his Eighth Amendment rights. He cannot satisfy either the objective or subjective component of his claim.

Regarding the objective component, plaintiff first argues that his food is sometimes undercooked and sometimes overcooked. The Sixth Circuit has held that "prisoners have a constitutional right to meals that meet their nutritional needs." *Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015). However, complaints about the preparation or quality of prison food are generally "far removed from Eighth Amendment concerns." *Cain v. MDOC*, No. 1:07-CV-543, 2008 WL 8224197, at *27 (W.D. Mich.). Therefore, plaintiff's complaints about the preparation of his food are not of constitutional magnitude. While such food may be unappetizing, it does not establish an Eighth Amendment violation. *See White v. Barry*, No.

9

2:14-CV-55, 2014 WL 3543729, at *3 (W.D. Mich.) (undercooked vegetables fall far short of what is required to meet the objective component).

Plaintiff also claims that there were birds flying in the dining hall and rodents in the storage area. However, he does not allege that either came into contact with the food or that he became sick or his health suffered as a result. When presented with similar facts, another court in this district found that "[t]he occasional presence of a rodent is insufficient to establish the objective component of an Eighth Amendment claim, which requires that a deprivation be sufficiently serious." *Tucker v. Rose*, 955 F. Supp. 810, 816 (N.D. Ohio 1997) (Nugent, J.); *see also id.* (plaintiff's allegations of expired milk and juice do not state an Eighth Amendment claim where plaintiff does not allege that "he became sick or suffered any adverse health effects from consuming the expired beverages.").

Finally, plaintiff claims that kitchen workers did not clean the dishware properly, including utensils, pots, pans, and trays. This resulted in greasy utensils and cups with coffee stains on them. The Eighth Amendment is concerned with ensuring that inmates have "the "minimal civilized measure of life's necessities." *Rhodes*, *supra*, 452 U.S. at 347. Dishware that is not perfectly cleaned certainly does not offend this standard and does not rise to the level of a constitutional violation. Rather, it is more properly classified as an inconvenience. And courts have recognized that "inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." *J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) (internal quotation marks omitted).

Plaintiff even recognizes that the defendants "provide the Plaintiff with basic needs of food." (Doc. 57-1, pgID 509). That is exactly what the Eighth Amendment requires, and plaintiff acknowledges defendants have fulfilled that duty.

Turning to the subjective component of his claim, plaintiff has failed to adequately allege that prison officials were deliberately indifferent to a substantial risk of serious harm to him. His allegations focus on the lack of training for kitchen staff, failure to sufficiently supervise the staff, and failure to adequately address plaintiff's complaints about issues with food service.

Although plaintiff uses words such as "reckless" and "deliberate indifference" in his complaint, he fails to provide any specific facts to support his bald assertions that defendants acted with deliberate indifference. It is well established that a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, *supra*, 550 U.S. at 555. Plaintiff's allegations here amount to mere labels and conclusions.

To show deliberate indifference, plaintiff must first prove that defendants subjectively knew of a risk to his health and that they drew the inference that a substantial risk of harm to plaintiff existed.

While plaintiff complained on several occasions about the conditions in the kitchen, he does not allege that any of the defendants thought the conditions created a substantial risk of harm to him. Even if he contends that defendants should have known there was a risk of harm, that is not sufficient as a matter of law to make out an Eighth Amendment claim. *Vartinelli v. Aramark Corr. Servs.*, LLC, No. 18-CV-10964, 2019 WL 1402653, at *5 (E.D. Mich.), *aff'd*, 796 F. App'x 867 (6th Cir. 2019) ("It is not enough for the plaintiff to allege that the officer

should have recognized a serious medical risk existed."). Defendants must have actually known of the risk.[2]

Plaintiff has also failed to sufficiently allege that defendants consciously disregarded a risk of harm to him. On the contrary, he alleges that defendants took actions to address potential issues in the kitchen. For example, plaintiff alleges that defendant Harford inspects the kitchen once per month. (Doc. 1, pgID 9). He also alleges that defendant Harford trained him about safety and sanitation when he first began working in the kitchen. (*Id.*, pgID 8). That the kitchen supervisors do not train their staff to the standard plaintiff thinks is appropriate does not mean that they have been deliberately indifferent to his health and safety.

Another roadblock plaintiff faces in his attempts to allege deliberate indifference is that his complaint does not sufficiently differentiate between the various defendants and their specific actions. In a Section 1983 case, I must "evaluate the liability of each [defendant] individually." *Bishop v. Hackel*, 636 F.3d 757, 767 (6th Cir. 2011). Many of plaintiff's allegations focus on the collective action of all defendants or on the actions of a subset of defendants. Plaintiff does not sufficiently identify which defendant took which actions, what information each defendant had, and how each defendant is individually liable for the harms plaintiff alleges. This is another reason that plaintiff has failed to sufficiently allege deliberate indifference.

---

[2] Plaintiff only alleges that the conditions in the kitchen could make someone "sick." He does not identify any illnesses or medical issues that he has experienced because of the food at MCI. And he does not identify any individual circumstances that would put him at a substantial risk of harm from ingesting the food at the prison. For example, courts have recognized that food allergies can present a serious risk to inmates. *See Vartinelli*, *supra*, 2019 WL 1402653, at *7. Further, even if plaintiff alleged that he had become ill from the food, "allegations of an isolated incident of food poisoning from contamination do not characterize the kind of extreme deprivation required to make out an Eighth Amendment conditions claim." *Gilmore*, *supra*, 2020 WL 2043454, at *2.

In light of the above, I must grant the Aramark defendants' and MCI defendants' motions to dismiss on plaintiffs' Eighth Amendment claim.

### 5. Other Claims

Plaintiff also attempts to assert several other claims sounding in tort, criminal law, and for failure to follow various policies.

Section 1983 provides relief for individuals who can establish that a government official violated their constitutional rights. The statute does not provide recourse for other types of violations or wrongs.

Plaintiff attempts to assert a claim for "the tort of creating a hazardous environment." (Doc. 1, pgID 24). Aside from his failure to provide any specific allegations supporting this purported cause of action, plaintiff fails to recognize that "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979).

Plaintiff also alleges that defendants violated Ohio criminal law by engaging in a "dereliction of duty." (Doc. 1, pgID 25). Plaintiff cannot bring criminal charges against defendants in this civil case; only the government can choose to do so.

Finally, plaintiff alleges that defendants violated various state and internal policies. This claim likewise fails as a matter of law because "alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation." *White*, *supra*, 2014 WL 3543729, at *5.

Therefore, I dismiss these claims as well.

### 6. Plaintiff's Motion for Partial Summary Judgment

Plaintiff brings a motion for partial summary judgment on several of his claims. (Doc. 31). Because I dismiss his complaint, I deny this motion.

### Conclusion

For the foregoing reasons, it is ORDERED that:

1. Plaintiff's motion for partial summary judgment (Doc. 31) shall be, and hereby is, denied;

2. Aramark defendants' motion to dismiss (Doc. 43) shall be, and hereby is, granted;

3. MCI defendants' motion to dismiss (Doc. 50) shall be, and hereby is, granted;

4. Aramark defendants' motion to dismiss, or in the alternative, strike plaintiff's second response (Doc. 66) shall be, and hereby is, denied; and

5. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith and should not be allowed without prepayment of the filing fee.

So ordered.

<u>James G. Carr</u>
Sr. U.S. District Judge